(May 20, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD A. DAVIS, Appellant. [598 NYS2d 121] —Casey, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered March 1, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal trespass in the first degree.

Since January 1987 defendant had lived at the Midway Mobile Court in the Town of Halfmoon, Saratoga County, next door to Antoinette Anderson, the victim of his crimes. At first, the relationship between the two had been friendly and defendant used to visit Anderson's trailer for coffee on a regular basis. In late 1987 hard feelings developed when Anderson's dog frequented defendant's premises and a guest of hers usurped defendant's parking place. Apparently the breakdown of the relationship bothered defendant, who blamed Anderson for his depression.

On May 16, 1988, at about 9:00 A.M., defendant loaded an automatic pistol that he owned and for which he had a license, and wrote a six-page suicide note. He went next door to Anderson's trailer and entered through the door without any invitation. He directed her to read the suicide note aloud while he brandished the pistol and pointed it at his head, telling her that he was going to hurt her and kill himself. After a couple of hours Anderson apparently convinced defen-

dant that they could "repair" their relationship. They shared coffee which she had made and defendant left.

Anderson immediately telephoned her sister who then called the State Police, and Troopers were dispatched to defendant's trailer. Defendant had not yet returned so the Troopers waited outside for defendant, but did not approach him. When he entered his trailer defendant found a telephone message from the State Police on his answering machine. When he returned their call, defendant was informed that his trailer was surrounded and that he should come out with his hands up. Defendant complied and was immediately given *Miranda* warnings. He voluntarily told the Troopers where his firearms were located in his trailer and gave them permission to go in and recover them. The firearms were found exactly where defendant said they would be. Defendant was then taken to the State Police barracks and again given *Miranda* warnings. The pistol that he used against Anderson was seized and marked as evidence and defendant, after waiving his constitutional rights, gave an oral statement that he went to Anderson's home with the loaded pistol and with the intention of killing her and himself.

Defendant was indicted on charges which included criminal possession of a weapon in the second degree and criminal trespass in the first degree. After indictment defendant moved to dismiss the charges contained therein, contending that the evidence presented to the Grand Jury was legally insufficient. The motion was denied. Defendant's motion to suppress his oral statements and the guns that had been seized was denied on the ground that his statements were voluntary and, therefore, admissible, and the search of his trailer was conducted pursuant to his consent. Following a jury trial, defendant was convicted of criminal possession of a weapon in the second degree and criminal trespass in the first degree and was sentenced to concurrent prison terms of 2⅓ to 7 years on each charge.

On this appeal, defendant again raises the legal insufficiency of the evidence before the Grand Jury. In view of defendant's conviction after trial, County Court's order denying his motion in respect to the sufficiency of the evidence before the Grand Jury is not reviewable if the verdict was based on legally sufficient evidence (CPL 210.30 [6]). Before considering this issue, however, the legality of defendant's conviction for criminal possession of a weapon in the second degree under Penal Law § 265.03 must be considered. Despite overwhelming trial evidence that defendant committed all the

essential elements contained in the statutory definition of that offense, it is undisputed that defendant held a license issued under Penal Law § 400.00. In *People v Parker* (52 NY2d 935, *revg on dissenting opn below* 70 AD2d 387, 391-394), the Court of Appeals held that, pursuant to the exemption provided by Penal Law § 265.20 (a) (3), Penal Law § 265.03 does not apply to possession of a pistol or revolver by a person to whom a license has been issued under Penal Law § 400.00 *(see also, People v Serrano,* 71 AD2d 258, 259, *affd* 52 NY2d 936). Defendant raised this issue before the jury was charged but did not seek dismissal of the possession charge on this ground. Defendant also failed to raise the issue in his appellate brief, which could be considered a waiver of the issue *(see, People v Jansen,* 145 AD2d 870, 871, *lv denied* 73 NY2d 923). Nevertheless, in view of defendant's attempt to raise the issue and in view of the fact that a conviction in violation of specific statutory language and authority raises a question of substantial fairness, we believe that in the interest of justice defendant's conviction for the offense of criminal possession of a weapon in the second degree in violation of Penal Law § 265.03 should be reversed and that charge should be dismissed.

As to defendant's conviction of criminal trespass in the first degree, a person is guilty of that offense "when he knowingly enters or remains unlawfully in a building, and when, in the course of committing such crime, he: * * * (2) Possesses a firearm * * * and also possesses or has readily accessible a quantity of ammunition" (Penal Law § 140.17). Anderson testified that defendant entered her trailer home without knocking, without invitation and without her permission. At the time, the previously neighborly relationship had deteriorated and the jury could properly infer that defendant was no longer a welcome guest. Defendant entered the trailer with a loaded firearm. Viewing the evidence in a light most favorable to the People *(see, People v Ford,* 174 AD2d 853, *lv denied* 78 NY2d 955), a rational person could conclude that all of the elements of criminal trespass in the first degree were satisfied *(see, People v Bleakley,* 69 NY2d 490, 495).

As to the weight of the evidence underlying this conviction, it must be considered overwhelming. In fact, there is scant evidence supporting a reasonable alternative explanation for defendant's conduct, i.e., that he only went to Anderson's home to talk to her and/or to kill himself. Defendant's statements to the State Police render his explanation illogical.

Therefore, the verdict on this count is not against the weight of the evidence.

Contrary to defendant's claim, we find no error in the refusal of County Court to suppress defendant's statements and the physical evidence seized as incidental to defendant's warrantless arrest. Before the State Police approached defendant they had received a full report from Anderson of the facts and circumstances underlying defendant's criminal conduct. While they acted without a warrant, the Troopers acted in direct response to the urgency and exigency that the situation required, i.e., that defendant was in possession of a loaded pistol which he had threatened to use against his neighbor and himself over a two-hour period in her trailer, and which he still possessed in his trailer, which was next door to his neighbor's (see, People v Dominquez, 141 AD2d 833, 834). As to the entry into his trailer by the State Police to search for firearms, we agree with County Court that after having been informed of his *Miranda* rights, defendant voluntarily gave the Troopers permission to enter his trailer and search it for firearms. Significantly, the weapons were found and seized from the place where defendant told the Troopers they would be.

The sentence of 2⅓ to 7 years that was imposed on defendant upon his conviction of criminal trespass in the first degree was appropriate in the circumstances despite defendant's lack of a prior record. We find no abuse of discretion by County Court in the sentence imposed on this offense. Defendant's judgment of conviction should be modified by reversing the conviction for criminal possession of a weapon in the second degree and dismissing said charge.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defendant of the crime of criminal possession of a weapon in the second degree; the first count of indictment No. W56-88V is dismissed; and, as so modified, affirmed.