■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEIGHTON SEOW, Appellant. [599 NYS2d 47] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered November 26, 1990, convicting him of aggravated assault upon a police officer (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentencing.

Ordered that the judgment is affirmed.

This case concerns the defendant's robbery of a so-called gypsy cab driver and a subsequent shoot-out with the police

which seriously injured two officers. Contrary to the defendant's claim on appeal, the court properly refused to charge the defense of justification under Penal Law § 35.15. Where, as here, the force used by the claimant of the defense is deadly physical force *(see,* Penal Law § 10.00 [11]), the claimant must show that safe retreat was not possible (unless in one's dwelling and not the initial aggressor) *(see,* Penal Law § 35.15 [2]; *People v Watts,* 57 NY2d 299). Here, although the defendant testified in his own behalf, no such evidence was proffered. Therefore, a charge on justification was not warranted.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the imposition of consecutive terms of imprisonment on the convictions for aggravated assault upon a police officer and robbery in the first degree was proper. Although the crimes took place over a continuous course of activity, they constituted separate and distinct acts, and none of the completed offenses was a material element of the other offense. Therefore, concurrent sentences were not mandated *(see,* Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208; *People v Catone,* 65 NY2d 1003). Moreover, we decline to substitute our discretion for that of the sentencing court *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.