■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES STAROWICZ, Appellant. [617 NYS2d 100] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]), defendant contends that the trial court improperly admitted the results of the breathalyzer test; that defendant's convictions for DWI were repugnant to his acquittal for reckless driving; and that the court erred in disallowing psychiatric evidence that defendant's consumption of alcohol was not voluntary. We conclude that the results of the breathalyzer test were properly received. The People's proof established the requisite foundation for admission of the various documents into evidence pursuant to the business records exception to the hearsay rule. Defendant's contention that the verdict is repugnant is not preserved for review *(see, People v Satloff,* 56 NY2d 745, 746; *People v Stahl,* 53 NY2d 1048, 1050) and in any event has no merit. One can drive recklessly without being intoxicated and, as the jury apparently found, one can drive while intoxicated without being reckless *(see generally, People v Loughlin,* 76 NY2d 804, 806; *People v Tucker,* 55 NY2d 1, 6-7).

The court did not err in excluding the proffered psychiatric testimony. The evidence was not relevant to show that defendant was intoxicated as a result of involuntarily consuming alcohol *(see,* Penal Law § 15.00 [2]; § 15.10). Defendant's drinking was not involuntary in the sense intended by the Penal Law merely because it was the result of chronic alcoholism or post-traumatic stress disorder *(see, People v Davis,* 33 NY2d

221, 226-229, *cert denied* 416 US 973; *see also, People v Westergard,* 69 NY2d 642, 644-645; *People v Williams,* 186 AD2d 770, *lv denied* 81 NY2d 767). (Appeal from Judgment of Ontario County Court, Harvey, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.