■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY A. ISAAC, Appellant. [637 NYS2d 827] —Judgment unanimously affirmed. Memorandum: On March 21, 1994, an automobile driven by defendant collided with another automobile while being pursued by Syracuse police officers. The driver of the other automobile was killed. After being arrested, defendant refused to submit to a blood test. Sergeant Michael Rathbun made an oral application by telephone to an Onondaga County Court Judge for an order compelling defendant to submit to a blood test *(see,* Vehicle and Traffic Law § 1194 [3]). The Judge granted the application and the blood test was administered. The test results indicated the presence of marihuana and cocaine.

Because the application for the blood test failed to state specific allegations of fact sufficient to demonstrate that, "based upon the totality of circumstances, there [was] reasonable cause to believe" that defendant was driving the automobile while impaired by the use of drugs (Vehicle and Traffic Law § 1194 [3] [d] [2]), County Court erred in denying defendant's motion to suppress the test results *(see,* Vehicle and Traffic Law § 1194 [3] [c]). The reasons stated by Sergeant Rathbun for his belief that defendant was operating the automobile in violation of Vehicle and Traffic Law § 1192 (4) were "the manner in which

[defendant] operated the vehicle, his general demeanor after the crash and the statements of witnesses who saw defendant smoking marihuana shortly before the crash at the apartment [of another individual]." The officer failed, however, to specify whether he personally observed defendant's "general demeanor" and what that demeanor was, and also failed to identify the sources of the hearsay statements. Those failures rendered the application defective *(see, People v Whelan,* 165 AD2d 313, 321-322, *lv denied* 78 NY2d 927). Nevertheless, the error is harmless, as the proof of defendant's impairment is overwhelming and there is no significant probability that the error infected the verdict *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Whelan, supra,* at 325). In addition to the evidence of the manner in which defendant's automobile was operated, defendant's brother, a passenger in the automobile, testified that defendant had smoked three or four marihuana cigarettes one hour before the accident, the other passenger in the automobile testified that, shortly before the accident, she smelled marihuana coming from a room where defendant, his brother and another individual were, and defendant testified that he had smoked marihuana earlier in the day. The court properly denied the motion of defendant to suppress his statements to the police after the accident. Defendant's waiver of the right to counsel was made knowingly, intelligently and voluntarily *(see, People v Kranz,* 180 AD2d 760, 760-761, *lv denied* 79 NY2d 1051). Although defendant had ingested drugs before the accident, the record shows that defendant was able to respond intelligently to the questions asked by the interrogating officers *(see, People v Klumbach,* 202 AD2d 1009, *lv denied* 83 NY2d 912; *see, People v Swimley,* 190 AD2d 1070, 1071, *lv denied* 81 NY2d 977). Finally, the suppression court properly determined that the statement by defendant that he would not consent to a blood test without an attorney was not an unequivocal invocation of his right to counsel *(see, People v Hicks,* 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Davis,* 193 AD2d 1142). Defendant's request for counsel, made after twice receiving *Miranda* warnings, was limited to the administration of the blood test.

Because no reasonable view of the evidence supported the defense of justification, the court did not err in denying defendant's request to charge that defense *(see,* Penal Law § 35.05; *People v Larrabee,* 134 AD2d 855, 856, *lv denied* 71 NY2d 898).

The contention of defendant that the court erred in imposing consecutive sentences for his convictions of vehicular man-

slaughter in the second degree and leaving the scene of an accident is without merit. Although the two offenses were committed while defendant was fleeing from the police, they constitute separate and distinct acts *(see,* Penal Law § 125.15 [1]; Vehicle and Traffic Law § 600 [2]; *People v Seow,* 194 AD2d 635, 639, *lv denied* 82 NY2d 726; *see generally,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.25, at 310).

We conclude that defendant's remaining contentions are without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Vehicular Manslaughter, 2nd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.