■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v TANIA LADD, Appellant-Respondent. [638 NYS2d 512]

—Crew III, J. Cross appeals from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered November 2, 1994, upon a verdict convicting defendant of the crimes of criminally negligent homicide (two counts) and reckless driving.

Defendant initially contends that the verdict is not supported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We cannot agree. The proof, viewed in the light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413), reveals that defendant, having consumed in excess of six beers, left her fiance's home at approximately 4:00 A.M. on August 1, 1993 and, while driving in the eastbound lane of State Route 149 in the Town of Fort Ann, Washington County, crossed into the westbound lane, where she collided with the motor vehicle of Floyd Shepard and Robyn Borden, causing their deaths. The evidence further reveals that at the time defendant was proceeding along Route 149, she was tired and visibility was impaired by reason of fog. Finally, expert testimony revealed that at the time of the accident defendant's blood alcohol concentration was 0.107%, which impaired her ability to drive. Such evidence is legally sufficient to demonstrate that defendant failed to perceive a substantial and unjustifiable risk of death, which constituted a gross deviation from the standard of care a reasonable person would observe in the circumstances (*see, People v Heidorf*, 186 AD2d 915, 916). Defendant's contention that the conviction of reckless driving is not supported by legally sufficient evidence is also unavailing.

Defendant next contends that County Court's instructions to the jury were legally insufficient and constituted reversible error. Our review of the record convinces us that the jury, after hearing County Court's entire charge, would gather from its language the correct rules to be applied in arriving at its decision (*see, People v Barker*, 186 AD2d 207, 208, *lv denied* 81 NY2d 785). While it is true that the court used disjunctive language when referring to the weather conditions, defendant's physical state and the consumption of alcohol, it made clear that those matters were merely allegations of the indictment and not elements of the crimes charged. Moreover, in responding to a request by the jury to define the elements of criminal negligence and in accordance with the specific request of defense counsel, the court refrained from repeating the disjunctive language of the indictment, defined criminal negligence and reckless driving in accordance with the Pattern Criminal Jury Instructions and *People v Boutin* (75 NY2d 692), and concluded by stating that "the jury must decide if there is

proof beyond a reasonable doubt, that the defendant's actions in this case, fall within the definitions as to each charge". Contrary to defendant's assertion, we are of the view that the instructions taken as a whole, including the supplemental instructions given in response to the jury's questions, clearly apprised the jury of the need to find that defendant's conduct was gross and flagrant and not merely careless.

We also reject defendant's contention that County Court committed reversible error by failing to adequately answer the jury's question regarding the elements of criminal negligence. Defendant premises her objection upon the failure of County Court to clarify its charge concerning criminal negligence. The jury, however, did not request that the court clarify its charge regarding criminal negligence. Rather, its note read "[w]e need the elements of criminal negligence", and that is precisely what County Court gave to the jury in response to their question.

We have considered defendant's remaining contentions and find them all without merit except her contention that the sentence imposed was impermissible. County Court sentenced defendant to a term of imprisonment of six months and five years' probation. Under the Penal Law, County Court was limited to imposing a term of imprisonment, which combined with probation, would not total more than five years (see, Penal Law § 60.01 [2] [d]; § 65.00 [3] [a] [i]; People v Montgomery, 115 AD2d 102, 103). Accordingly, defendant's sentence must be modified by reducing the period of probation by six months.*

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's period of probation by six months; matter remitted to the County Court of Washington County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.

---

* Although the People cross-appealed regarding the legality of the sentence imposed, the People failed to brief this issue on appeal and, hence, it has been waived (see, People v Davis, 193 AD2d 954, 956).