## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 16, 2014        105913
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                            MEMORANDUM AND ORDER

CASSIE E. EARLEY,
               Appellant.
_____

Calendar Date: September 9, 2014

Before: Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

Matthew C. Hug, Troy, for appellant.

J. Anthony Jordan, District Attorney, Fort Edward (Christian P. Morris of counsel), for respondent.

_____

Rose, J.

Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 14, 2013 upon a verdict convicting defendant of the crimes of aggravated driving while intoxicated and reckless driving, and the traffic infraction of failure to keep right.

After partying and drinking beer continuously one evening for approximately eight hours, defendant slept at the scene of the party for about five hours. She then arose, got into her pick up truck and drove down a rural highway where she collided with an oncoming vehicle at approximately 7:00 a.m. The other driver died and defendant was charged with, among other things, criminally negligent homicide, reckless driving, driving while ability impaired by the combined influence of alcohol and drugs,

aggravated driving while intoxicated, manslaughter in the second degree and failure to keep right. A jury convicted defendant of aggravated driving while intoxicated, reckless driving and failure to keep right. County Court then sentenced her to one year in jail on the aggravated driving while intoxicated charge and imposed fines and surcharges on the remaining convictions. Defendant now appeals.

Contrary to defendant's contention, probable cause for her arrest was provided by the objective signs of her intoxication, the positive Alco-Sensor test administered prior to her arrest and her pre-arrest admission that she had been drinking. We must agree with her, however, that the results of the court-ordered blood test should have been suppressed because the investigator who applied for the order failed to advise County Court that he relied on hearsay. "Although an application for a court-ordered blood test may contain hearsay and double hearsay statements that satisfy the Aguilar-Spinelli test, the application must disclose that it is supported by hearsay and identify the source or sources of the hearsay" (People v Freeman, 46 AD3d 1375, 1377 [2007], lv denied 10 NY3d 840 [2008]; see Vehicle and Traffic Law § 1194 [3] [b]; People v Isaac, 224 AD2d 993, 994 [1996], lv denied 88 NY2d 937 [1996]; People v Whelan, 165 AD2d 313, 321-322 [1991], lv denied 78 NY2d 927 [1991]). Here, the investigator based the application on information provided to him from other officers that defendant had made oral admissions at the scene to operating the vehicle and consuming alcohol, had a reading of .12% blood alcohol content on the Alco-Sensor test and refused to take a chemical test. The failure to reveal the hearsay nature of the information improperly deprived County Court of the opportunity to determine the reliability of the information for itself as a neutral, detached arbiter (see People v Whelan, 165 AD2d at 322). Accordingly, the motion to suppress the blood test results should have been granted and, in the absence of those results, the conviction for aggravated driving while intoxicated must be vacated (see Vehicle and Traffic Law § 1192 [2-a] [a]; People v Freeman, 46 AD3d at 1377).

As for the charge of reckless driving, it is defined as driving "in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers

users of the public highway" (Vehicle and Traffic Law § 1212).
"More than mere negligence is required, and the term has been
held to mean 'the running or operation of an automobile under
such circumstances as to show a reckless disregard of the
consequences'" (People v Bohacek, 95 AD3d 1592, 1594 [2012],
quoting People v Grogan, 260 NY 138, 143-144 [1932]; see People v
Goldblatt, 98 AD3d 817, 819 [2012], lv denied 20 NY3d 932
[2012]).  "Determining whether conduct rises to the level of
unreasonable interference or endangerment such that it
constitutes the requisite recklessness involves the presence of
additional aggravating acts or circumstances beyond a single
violation of a rule of the road" (People v Goldblatt, 98 AD3d at
819 [citations omitted]).

     Here, the investigator who reconstructed the accident
testified that defendant crossed the center line and collided
driver-side "headlight to [driver-side] headlight" with the
oncoming vehicle.  The passenger in the other vehicle testified
that the victim observed defendant in their lane and, although
the victim attempted to move over as far as possible to avoid the
accident, defendant was almost entirely in their lane at the time
of the collision.  Defendant admitted that she had been drinking,
and the arresting officer testified that she had glassy eyes,
slurred speech and the odor of alcohol.  The officer concluded,
based on his experience and observations, that defendant was
intoxicated.  According to defendant's own testimony, she started
drinking beer at 5:00 p.m. the previous evening and drank
continuously until approximately 1:00 a.m.  After sleeping in a
camper located at the house where the party had taken place,
defendant arose and drove away at about 6:15 a.m.  Although
defendant offered evidence that she did not show signs of
intoxication at the time of her arrest, we defer to the jury's
reasonable resolution of credibility issues (see People v Dancy,
87 AD3d 759, 761 [2011]; People v Young, 74 AD3d 1471, 1472
[2010], lv denied 15 NY3d 811 [2010]; People v Meiner, 248 AD2d
806, 808 [1998]).

     Given the foregoing evidence of defendant's intoxication,
the admission of the blood test results was harmless error with
respect to her reckless driving conviction, "inasmuch as there is
'no reasonable possibility that the error might have contributed

to defendant's conviction'" on that count (People v Freeman, 46 AD3d at 1377, quoting People v Crimmins, 36 NY2d 230, 237 [1975]; see People v Isaac, 224 AD2d at 994). Nor are the convictions for reckless driving and failure to keep right against the weight of the evidence (see e.g. People v Goldblatt, 98 AD3d at 820-821; People v McRobbie, 97 AD3d 970, 971-972 [2012], lv denied 20 NY3d 934 [2012]). To the extent that defendant's remaining arguments have not been rendered academic by our decision, they have been considered and determined to be without merit.

Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of aggravated driving while intoxicated under count 4 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court