People v Nieves (2021 NY Slip Op 50294(U))

[*1]

People v Nieves (Raimundo)

2021 NY Slip Op 50294(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2016-2928 Q CR

The People of the State of New York,
Respondent,
against
Raimundo Nieves, Appellant. 

Appellate Advocates (Benjamin Welikson of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Eunice Villantoy of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Althea E. M. Drysdale, J.), rendered November 3, 2016. The judgment convicted defendant,
upon his plea of guilty, of reckless driving, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant appeals from a judgment convicting him, upon his guilty plea, of reckless driving
(Vehicle and Traffic Law § 1212). Upon finding that prior counsel's Anders brief (see
Anders v California, 386 US 738 [1967]) was inadequate, this court held the appeal in
abeyance and new counsel was assigned to prosecute the appeal (64 Misc 3d 134[A], 2019 NY
Slip Op 51097[U]). New counsel has submitted a brief arguing that the accusatory instrument,
which charges defendant with, among other things, reckless driving is jurisdictionally
defective.
The information charging defendant with, among other things, reckless driving (Vehicle and
Traffic Law § 1212), contains an allegation that defendant had crossed over the "double
yellow line, [and did] pass and overtake two separate vehicles on two separate occasions without
signaling and being safely clear of the overtaken vehicles." Defendant pleaded guilty to the
charge of reckless driving.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v
Dumay, 23 [*2]NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100,
103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional
defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d
at 103; People v Konieczny, 2
NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted
by information, the relevant count of the accusatory instrument must be evaluated under the
standards that govern a misdemeanor complaint (see People v Dumay, 23 NY3d at 524;
see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]).
While the law does not require that the accusatory instrument contain the most precise words or
phrases most clearly expressing the charge, the offense and factual bases therefor must be
sufficiently alleged (see People v Konieczny, 2 NY3d at 575).
Pursuant to Vehicle and Traffic Law § 1212, "Reckless driving shall mean driving or
using any motor vehicle . . . in a manner which unreasonably interferes with the free and proper
use of the public highway, or unreasonably endangers users of the public highway." Reckless
driving "calls for evidence showing something more than mere negligence" (People v
Grogan, 260 NY 138, 143 [1932]). The term reckless driving has been held to mean "the
running or operation of an automobile under such circumstances as to show a reckless disregard
of the consequences" (id. at 144; see People v Earley, 121 AD3d 1192, 1193 [2014]).
Here, the allegation that defendant had passed and overtaken two vehicles without signaling
or being safely clear of these vehicles when doing so sufficiently set forth facts demonstrating
that defendant had unreasonably endangered users of the public highway (see People v
Casey, 95 NY2d 354, 360 [2000]; People v Goldblatt, 98 AD3d 817 [2012]; People v
Lamphear, 35 AD2d 305 [1970]). Consequently, we find that the factual allegations
contained in the accusatory instrument were sufficient to support an inference that defendant
drove his vehicle in a reckless manner (see People v Esposito, 33 NY3d 1016 [2019]), and, thus, the
accusatory instrument sufficiently charged the offense of reckless driving. 
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021