■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY S. DILLON, Appellant. [823 NYS2d 801]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered July 19, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the fourth degree (three counts) and criminal diversion of prescription medications and prescriptions in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]) and one count of criminal diversion of prescription medications and prescriptions in the fourth degree (§ 178.10). Defendant failed to preserve for our review his contention concerning alleged misconduct by the prosecutor in his opening and closing statements, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Butler*, 2 AD3d 1457, 1458 [2003], *lv denied* 3 NY3d 637 [2004]). Contrary to the further contention of defendant, he was not prejudiced by the delayed disclosure of *Brady* material because the record establishes that he was " 'given a meaningful opportunity to use the . . . exculpatory material to cross-examine the People's witnesses or as evidence during his case' " (*People v Bonilla*, 298 AD2d 871, 871 [2002], *lv denied* 99 NY2d 555, 100 NY2d 536 [2002], quoting *People v Cortijo*, 70 NY2d 868, 870 [1987]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his

contention that County Court penalized him for exercising his right to a jury trial by imposing a sentence greater than that offered as part of the plea bargain (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v White*, 12 AD3d 1200 [2004], *lv denied* 4 NY3d 768 [2005]) and, in any event, that contention lacks merit (*see White*, 12 AD3d 1200 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Smith, Centra and Green, JJ.