THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK FREEMAN, Appellant. [848 NYS2d 800]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered October 12, 2005. The judgment

convicted defendant, upon a jury verdict, of vehicular assault in the second degree, assault in the second degree, driving while intoxicated (two counts) and leaving the scene of a personal injury incident without reporting and, upon a bench decision, of unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of driving while intoxicated under count four of the indictment, granting the motion to suppress the results of the blood test and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of vehicular assault in the second degree (Penal Law former § 120.03 [1], [2]), assault in the second degree (§ 120.05 [4]), leaving the scene of a personal injury incident without reporting (Vehicle and Traffic Law § 600 [2]) and two counts of driving while intoxicated as a misdemeanor (§ 1192 [2], [3]). By the same judgment, he also was convicted upon a bench decision of unlawful possession of marihuana (Penal Law § 221.05). Defendant failed to preserve for our review his contention that he was deprived of a fair trial based on misconduct of the prosecutor during his opening statement (see CPL 470.05 [2]; People v Dillon, 34 AD3d 1230 [2006], lv denied 8 NY3d 879 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's further contentions, County Court did not err in failing sua sponte to intervene in the prosecution's opening statement, nor was defendant denied his right to effective assistance of counsel by the absence of an objection by defense counsel to the opening statement. Defendant has failed to establish that there was no strategic or other legitimate reason for the absence of an objection by defense counsel (see People v Vassar, 30 AD3d 1051 [2006], lv denied 7 NY3d 796 [2006]). We further conclude that the court properly denied defendant's request to charge assault in the third degree as a lesser included offense of both vehicular assault in the second degree and assault in the second degree because there was no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offenses (see generally CPL 300.50 [1]; People v Glover, 57 NY2d 61, 63 [1982]; People v DeBeer, 35 AD3d 1275, 1276 [2006], lv denied 8 NY3d 921 [2007]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that the court erred in denying his motion to suppress the results of a compulsory blood test performed on him, and we therefore modify the judgment accordingly. We note at the outset that our review of the suppression ruling is of course "limited to the evidence presented at the suppression hearing" (*People v Jennings*, 295 AD2d 1000, 1000 [2002], *lv denied* 99 NY2d 536 [2002]). That evidence established that the Trooper who applied for a court-ordered blood test relied upon double hearsay, i.e., statements made by civilian witnesses to a fellow Trooper, to support his belief that the accident in question occurred "in the course of" defendant's operation of a motor vehicle (Vehicle and Traffic Law § 1194 [3] [b] [1]). Although an application for a court-ordered blood test may contain hearsay and double hearsay statements that satisfy the *Aguilar-Spinelli* test, the application must disclose that it is supported by hearsay and identify the source or sources of the hearsay (*see People v Whelan*, 165 AD2d 313, 321-322 [1991], *lv denied* 78 NY2d 927 [1991]; *see also People v Isaac*, 224 AD2d 993, 994 [1996], *lv denied* 88 NY2d 937 [1996]). Here, the application did not disclose that any of its information was based upon statements from civilian witnesses, nor did the application set forth that the Trooper had an independent basis for a finding of reasonable cause to believe that the accident occurred in the course of the operation by defendant of his vehicle (*see Whelan*, 165 AD2d at 322). We thus conclude that the application and the ensuing order for a compulsory blood test were defective and that the evidence obtained therefrom should have been suppressed (*see Whelan*, 165 AD2d at 322). Because a conviction of driving while intoxicated per se must be proved by chemical analysis (*see* Vehicle and Traffic Law § 1192 [2]), we further modify the judgment by reversing that part convicting defendant of driving while intoxicated under count four of the indictment and dismissing that count of the indictment. With respect to the remaining counts, however, the error in the court's refusal to suppress the results of the blood test is harmless beyond a reasonable doubt inasmuch as there is "no reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237 [1975]; *see Whelan*, 165 AD2d at 325).

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of vehicular assault in the second degree under Penal Law former § 120.03 (2) and was convicted upon a jury verdict of unlawful possession of marihuana, and it must therefore be amended to reflect that he was convicted under Penal Law former § 120.03 (1) and (2) and upon a bench decision of unlawful possession of marihuana (*see gen-*

*erally People v Saxton,* 32 AD3d 1286 [2006]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.