11-353-pr
Freeman v. Kadien

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2011

(Submitted: May 2, 2012     Decided: July 3, 2012)

Docket No. 11-353-pr

JACK FREEMAN,

*Petitioner-Appellant*,

v.

GREGORY KADIEN,

*Respondent-Appellee*.

Before:

SACK and RAGGI, *Circuit Judges*, KOELTL, *District Judge*.[*]

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*) denying a writ of habeas corpus under 28 U.S.C. § 2254 to a petitioner who challenges a state appellate court's determination that evidence admitted at trial in violation of state law was harmless error. We conclude that a harmlessness decision on an error of state law is itself a matter of state, not federal, law, which cannot form the basis for federal habeas relief.

AFFIRMED.

[*] The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

————————————————

Jonathan I. Edelstein, Edelstein & Grossman, New York, New York, *for Petitioner-Appellant*.

Lisa Ellen Fleischmann, Assistant Attorney General, Roseann B. MacKechnie, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York, *for Respondent-Appellee*.

————————————————

REENA RAGGI, *Circuit Judge*:

Jack Freeman, who stands convicted after trial in New York of second-degree assault, second-degree vehicular assault, common law driving while intoxicated ("DWI"), and leaving the scene of an accident, see People v. Freeman, 46 A.D.3d 1375, 1377, 848 N.Y.S.2d 800, 802 (4th Dep't 2007), appeals from the judgment entered on November 19, 2010, in the Western District of New York (Michael A. Telesca, *Judge*) denying him a writ of habeas corpus pursuant to 28 U.S.C. § 2254, see Freeman v. Kadien, No. 08-cv-6468T, 2010 WL 4642925 (W.D.N.Y. Nov. 17, 2010). Freeman contends that the Fourth Department of the New York Appellate Division unreasonably applied clearly established federal law in identifying as harmless the erroneous admission of evidence obtained from a blood draw compelled pursuant to a warrant found invalid under state law. We conclude that the challenged harmlessness determination regarding an error of state law was itself a decision of state law that cannot form the basis for federal habeas relief. Accordingly, we affirm the judgment denying Freeman's petition.

2

## I.  Background

### A.  The Charged Criminal Conduct

On the evening of October 3, 2004, Freeman drove a pickup truck with a trailer attachment on the New York State Thruway while intoxicated.  At some point, Freeman cut in front of a car in the left passing lane that was parallel to his own vehicle, forcing the driver, Kelli Smith, to brake suddenly, lose control of her car, cross the median into opposing traffic lanes, and hit a tree.  Briefly rendered unconscious, Smith sustained bruises, burns, and broken bones that confined her to a wheelchair for three weeks, required her to use a walker for two months, and left her with persistent knee problems.

After the accident, Freeman briefly pulled his vehicle onto the shoulder of the road, but then left the scene before police arrived to investigate.  Other witnesses, however, were able to provide the police with an account of the accident and a description of Freeman's vehicle, which was soon stopped by a state trooper who saw the truck swaying within its traffic lane. Upon confronting petitioner, the trooper noted Freeman's slurred speech and flushed face, as well as the smell of alcohol coming from Freeman's vehicle.  The trooper administered several field sobriety tests, including recitation of the alphabet, the one-leg stand, the walk-and-turn test, the finger-to-nose test, and the Romberg test, which involves counting to thirty while standing with one's eyes closed, and concluded that Freeman failed all but the walk-and-turn test.  In addition, another state trooper conducted horizontal gaze nystagmus testing on Freeman and concluded that Freeman's eye movement was indicative of intoxication.

After recovering from Freeman's truck a half-empty can of beer, still cold, in a foam insulator, as well as a cooler containing one empty and two full cans of beer, the troopers escorted him to the police barracks, where Freeman refused to take a breathalyzer test. The troopers then contacted a state prosecutor in order to obtain a judicial warrant to draw Freeman's blood. That blood draw, performed approximately three hours after the accident, revealed a blood alcohol level of 0.15, nearly twice the legal limit.

B.       State Court Proceedings

On October 5, 2005, Freeman was convicted following a jury trial in New York Supreme Court of second-degree vehicular assault, second-degree assault, per se DWI, common law DWI, and leaving the scene of an accident, for which he was sentenced to a determinate term of seven years on the second-degree assault count with concurrent lesser sentences on the remaining counts.[1] See People v. Freeman, 46 A.D.3d at 1376, 848 N.Y.S.2d at 801. Among the evidence offered by the prosecution at trial were the results of Freeman's compelled blood draw.

Before trial, Freeman had moved to suppress the blood-draw evidence on the ground that it was the product of a defective warrant. See People v. Whelan, 165 A.D.2d 313, 321–22, 567 N.Y.S.2d 817, 822–23 (2d Dep't 1991). The trial court denied Freeman's motion following an evidentiary hearing. On appeal, the Fourth Department concluded that the blood-draw evidence had been admitted in violation of principles recognized in Whelan, in

---

[1] Following a bench trial, Freeman was found guilty of possession of marijuana, which had been discovered in his truck. Freeman paid a $100 fine on that count.

that the warrant application failed to disclose that it was based on hearsay accounts of the accident and failed to identify the hearsay declarants or to establish their reliability. See People v. Freeman, 46 A.D.3d at 1377, 848 N.Y.S.2d at 802. The court vacated Freeman's per se DWI conviction because that offense could only be proved through the erroneously admitted blood-test results. See N.Y. Veh. & Traf. Law § 1192(2) (providing for proof by reference to blood-alcohol test).[2] At the same time, the Fourth Department upheld the remaining counts of conviction, concluding that admission of the blood-draw evidence was "harmless beyond a reasonable doubt inasmuch as there is no reasonable possibility that the error might have contributed to defendant's conviction." People v. Freeman, 46 A.D.3d at 1377, 848 N.Y.S.2d at 802 (internal quotation marks omitted). The New York Court of Appeals denied Freeman's application for further review. See People v. Freeman, 10 N.Y.3d 840, 859 N.Y.S.2d 399 (2008).

C.    Freeman's Habeas Petition

On October 15, 2008, Freeman filed the instant habeas petition seeking relief from his state court conviction on the ground that the Fourth Department's harmlessness determination was contrary to or an unreasonable application of clearly established federal law regarding harmless error. See 28 U.S.C. § 2254(d)(1). After concluding that Freeman had adequately

---

[2] By comparison, common law DWI can be demonstrated by any proof that a person operated a motor vehicle "while in an intoxicated condition." N.Y. Veh. & Traf. Law § 1192(3).

exhausted this claim in federal court, see Freeman v. Kadien, 2010 WL 4642925, at *5,[3] the

district court rejected it on the merits, concluding that (1) the results of the compelled blood

draw were not required to prove any element of the remaining counts of conviction, and

(2) compelling evidence apart from the blood-draw results established Freeman's guilt on

those counts, see id. at *5–7. Although the district court denied Freeman a certificate of

appealability, see id. at *7, this court granted the certificate on May 17, 2011, and appointed

counsel to pursue this appeal.

**II.     Discussion**

We review the denial of Freeman's habeas petition de novo, see Vega v. Walsh, 669

F.3d 123, 126 (2d Cir. 2012), and ultimately affirm the district court's judgment, albeit for a

reason different from that relied on by the district court, see Freedom Holdings, Inc. v.

Cuomo, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any

ground appearing in the record."). Specifically, we conclude that the harmlessness of an error

of state law in a state prosecution is itself a matter of state law not subject to federal habeas

review.

To be sure, in the context of a federal constitutional challenge to a state conviction, a

federal habeas court will assess harmlessness by considering "the prejudicial impact" of the

federal error "under the 'substantial and injurious effect' standard . . . whether or not the state

---

[3] Insofar as respondent disputes exhaustion, we need not resolve that question in light of our conclusion that, in any event, Freeman's petition raises only a question of state law for which federal habeas relief is unavailable.

6

appellate court recognized the error." Fry v. Pliler, 551 U.S. 112, 121–22 (2007) (citing

Brecht v. Abrahamson, 507 U.S. 619 (1993)); accord Wood v. Ercole, 644 F.3d 83, 93–94 (2d

Cir. 2011). Here, the Fourth Department recognized evidentiary error in Freeman's

conviction, but found it harmless under the stricter beyond-a-reasonable-doubt standard of

review. See People v. Freeman, 46 A.D.3d at 1377, 848 N.Y.S.2d at 802. Freeman

nevertheless maintains that the state court's harmlessness determination merits federal habeas

review because the evidentiary error cannot pass even the substantial-and-injurious-effect

standard.

Freeman's argument rests on a flawed premise, i.e., that his petition presents any

question of federal law. The "substantial and injurious effect" standard for collateral review

of errors infecting state court convictions applies only to errors of federal law. See Fry v.

Pliler, 551 U.S. at 121–22; Wood v. Ercole, 644 F.3d at 93–94. The error that the Appellate

Division identified here, and that Freeman now claims was prejudicial, was an error of New

York law. See People v. Freeman, 46 A.D.3d at 1377, 848 N.Y.S.2d at 802 (discussing

violation of People v. Whelan, 165 A.D.2d at 321–22, 567 N.Y.S.2d at 822). Specifically,

law enforcement officers failed to comply with New York's requirement for obtaining a

warrant to compel a blood draw based on hearsay. In such circumstances, New York requires

the applicant to identify the hearsay declarant or otherwise establish his reliability. This is a

more demanding standard than that established by the Fourth Amendment to the United States

Constitution. See People v. Griminger, 71 N.Y.2d 635, 639, 529 N.Y.S.2d 55, 56–57 (1988)

(holding that, "as a matter of State constitutional law," affidavits supporting applications for

7

search warrants must comply with standard of <u>Aguilar v. Texas</u>, 378 U.S. 108 (1964), and <u>Spinelli v. United States</u>, 393 U.S. 410 (1969), not superseding federal standard of <u>Illinois v. Gates</u>, 462 U.S. 213 (1983)); <u>accord</u> <u>People v. Whelan</u>, 165 A.D.2d at 321, 567 N.Y.S.2d at 822 (applying <u>Griminger</u> to application for compelled blood draw); <u>see also</u> <u>United States v. Rowell</u>, 903 F.2d 899, 901 (2d Cir. 1990) (acknowledging that New York's <u>Griminger</u> standard is distinct from federal standard for determining whether warrant application establishes probable cause).

A harmlessness determination regarding an underlying error of state law does not implicate a freestanding federal constitutional right. Rather, the harmfulness of evidence admitted in violation of state law is itself a question of state law to which the federal "substantial and injurious effect" standard does not apply. <u>See</u> <u>Ayala v. Leonardo</u>, 20 F.3d 83, 91 (2d Cir. 1994) (distinguishing federal constitutional violation and resulting harmless-error analysis from state law violation). As a question of state law <u>in toto</u>, it is not subject to federal habeas review. <u>See</u> 28 U.S.C. § 2254(d)(1) (limiting grant of habeas petition to state court decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); <u>accord</u> <u>DiGuglielmo v. Smith</u>, 366 F.3d 130, 137 (2d Cir. 2004).

A federal habeas court may, of course, review an error of state evidentiary law to assess whether the error deprived the petitioner of his due process right to a "fundamentally

fair trial." Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004) (internal quotation marks omitted); see Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983). Freeman, however, does not argue that his trial was not fundamentally fair. Nor could he. The results of the compelled blood draw, which revealed Freeman to have a blood-alcohol level of 0.15, and the accompanying expert testimony of Mark Waruch, the prosecution's forensic analyst, were probative of Freeman's intoxication, and Freeman had the opportunity to contest their veracity and evidentiary value before the jury. That evidence only confirmed the testimony of arresting officers, who, after pulling Freeman over, observed that he smelled of alcohol, slurred his words, and failed basic field sobriety tests by being unable to recite the full alphabet or touch his right hand to his nose. Moreover, the field sobriety tests had been videotaped and were shown to the jury. In these circumstances, the admission of probative evidence pertaining to the blood draw, even if derived from a warrant application that failed to conform to New York law, did not violate "those fundamental conceptions of justice which lie at the base of our civil and political institutions . . . and which define the community's sense of fair play and decency." Dowling v. United States, 493 U.S. 342, 353 (1990) (internal quotation marks and citations omitted); see also Herring v. United States, 555 U.S. 135, 141–42 (2009) (juxtaposing criminal justice system's function of determining truth at trial with exclusionary rule's purpose of deterring constitutional violations). In sum, even if Freeman had challenged the admission of blood-draw evidence on due process grounds (and, for that matter, exhausted this issue in state court and presented it to the district court below), we would still affirm the district court's judgment.

9

Freeman's remaining arguments on appeal rest on the assumption that the Fourth Department's harmlessness determination raises a question of federal law and, thus, they fail because that assumption is unsound. We therefore do not discuss them further.

## III. Conclusion

To summarize, we conclude as follows:

1. The harmlessness of an error of state law in a state criminal prosecution is itself a question of state law for which no federal habeas review is available under 28 U.S.C. § 2254.

2. Freeman failed to demonstrate that the erroneous admission of the blood-draw evidence denied him the due process right of a fundamentally fair trial.

The judgment of the district court denying Freeman's § 2254 petition for a writ of habeas corpus is, therefore, AFFIRMED.