12-3322-cv
*Anton Bramble v. Patrick Griffin, Superintendent, Sullivan Correctional Facility*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand thirteen.

PRESENT:

JOHN M. WALKER,
DEBRA ANN LIVINGSTON,
DENNY CHIN,

*Circuit Judges.*

_____

ANTON BRAMBLE,

*Petitioner-Appellant,*

-v.-                                                    No. 12-3322-cv

PATRICK GRIFFIN, Superintendent,
Sullivan Correctional Facility,

*Respondent-Appellee.*

_____

DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, New Jersey, for *Petitioner-Appellant*.

LORI GLACHMAN (Leonard Joblove, Victor Barall, *on the brief*), Assistant District Attorneys, for Charles J. Hynes, District Attorney, Kings County, Brooklyn, New York, for *Respondent–Appellee*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 18, 2012, is **AFFIRMED**.

Anton Bramble appeals from the denial of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, which challenged his New York conviction for second degree murder. We review the denial of a habeas petition *de novo*, *see Freeman v. Kadien*, 684 F.3d 30, 33 (2d Cir. 2012), and limit our discussion here to the two issues on which the district court granted a certificate of appealability regarding the testimony of Detective Edgar Bourdon: (1) whether defendant's counsel was ineffective "for failing to move for a mistrial based on [Detective] Bourdon's testimony when it became apparent that Carter would not testify"; and (2) whether the Appellate Division's alternative holding on the merits was contrary to or an unreasonable application of the Supreme Court's decisions in *Bruton v. United States*, 391 U.S. 123 (1968), or *Crawford v. Washington*, 541 U.S. 36 (2004). We assume familiarity with the underlying facts and procedural history of this case. *See Bramble v. Griffin*, No. 12 Civ. 1697 (BMC), 2012 WL 2930146 (E.D.N.Y. July 18, 2012).

1. *Procedural Default*

We "'will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment,'" *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)), *cert. denied*, --- U.S. ---, 132 S.Ct. 2439, 182 L.Ed.2d 1070 (2012), lest we risk "ignor[ing] the [s]tate's legitimate reasons for holding the prisoner," *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The New York Supreme Court, Appellete Division, determined that Bramble's Confrontation Clause claim was not preserved for appellate review because Bramble failed to raise the issue before the trial court, in violation of New York's "contemporaneous objection rule." Under the contemporaneous objection rule, a party fails to preserve an issue for appeal if he does not "object to what he . . . believes is a legal error in a trial court's ruling or instruction 'at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.'" *Gutierrez v. Smith*, 702 F.3d 103, 110 (2d Cir. 2012) (quoting N.Y. Crim. Proc. Law. § 470.05(2)). In addition, the Appellate Division also held that Bramble had not been denied effective assistance of counsel at trial.

Arguing that his trial counsel was ineffective for not moving for a mistrial based on Detective Bourdon's testimony once it became apparent that Warren Carter would not testify, Bramble argues that his procedural default should be excused because he can

demonstrate both "cause" and "prejudice" as the result of this ineffective assistance, *see Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (explaining that an independent and adequate procedural ground will preclude habeas relief "absent showings of 'cause' and 'prejudice'"), and that the state court erred in concluding that ineffective assistance had not been established. We are not persuaded.

First, Bramble cannot establish cause. To demonstrate that "counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), Bramble must demonstrate that his attorney acted in a manner that "cannot be explained convincingly as resulting from a sound legal strategy, but instead arose from oversight, carelessness, ineptitude, or laziness," *id.* Bramble asserts that his attorney fundamentally erred when he failed to move for a mistrial after learning that Carter would not testify. However, as Bramble's attorney argued in summation, without Carter, the charges against Bramble rested on the testimony of "a single, solitary person" – namely, the sixteen-year old deli employee who testified that he saw Bramble shoot the victim, Caprice Conner, in front of the deli. As such, it was far from an unreasonable strategic choice for Bramble's attorney to permit the case to go to a jury on the testimony of one eyewitness rather than risk that Carter, the second purported eyewitness who was alleged to have seen Bramble running from the scene holding a gun, would be produced at a second trial.

4

Similarly, Bramble cannot establish any prejudice from Detective Bourdon's testimony given the trial court's careful instructions and thus cannot show "that there is a reasonable probability that, but for counsel's unprofessional error[ ]," in failing to move for a mistrial on the basis of this testimony, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* And, as discussed in the district court's order, "juries are presumed to follow the court's instructions regarding the limitations on their review of evidence." *Bramble*, 2012 WL 2930146, at *10 (collecting cases). After the prosecution in its opening statement informed the jury that Carter would implicate Bramble in the shooting, Detective Bourdon testified during the trial that as part of his investigation, he conducted a lineup including Bramble which both Carter and the deli employee viewed separately. Although Detective Bourdon testified that he arrested Bramble after the lineup, he did not state that either witness identified Bramble. After it became apparent that Carter could not be located, the trial judge clearly instructed the jury in its charge that the deli employee was the "sole" witness to the shooting. And when the jury thereafter asked during deliberations specifically about Detective Bourdon's testimony, the judge replied:

> Now, at this trial, Detective Bourdon testified that he conducted a line-up and there were two individuals who viewed the line-up. [The deli employee] and [Carter]. At no time during Detective Bourdon's testimony did he indicate the results of either line-up. The only witness who testified about

5

making an identification of a line-up was [the deli employee]. So that is the only evidence regarding a line-up identification at this trial. And, therefore, there is no other witness who made the line-up identification that is the subject of any evidence.

The jury thus submitted a carefully crafted question that cut to the heart of Bramble's instant objections, and the judge provided a precise and appropriate response that the jury is presumed to have followed. As such, Bramble cannot demonstrate that the challenged statements - and his attorney's failure to seek a mistrial on the basis of these statements - prejudiced the outcome of his trial.[1]

2. *Merits*

Because Bramble procedurally defaulted on his claim that the state violated his rights pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004), we do not reach the merits. Were we to do so, however, we would reject his petition. The Appellete Division held that Bramble's claims were not only procedurally barred because he failed to raise the issues before the trial court, but also substantively lacking because no Sixth Amendment violation occurred. Thus, to obtain habeas relief on his Confrontation Clause claim, Bramble must establish that the state court's decision was "contrary to, or involved an unreasonable

---

[1] We need not and do not consider whether Bramble's ineffective assistance argument should be reviewed under the deferential standard set forth in 28 U.S.C. § 2254(d), given that the Appellete Division rejected Bramble's ineffective assistance claim on the merits, because Bramble cannot prevail under either standard.

6

application of clearly established" Supreme Court precedent.[2]  28 U.S.C. § 2254(d)(1).  The Appellate Division's decision is not contrary to *Crawford* or an unreasonable application of it.  Any prejudice resulting from Bourdon's testimony in light of the prosecution's references to Carter during its opening statement was fully addressed in the trial court's instructions to the jury.  Granted, *Bruton* recognizes that a jury cannot be presumed to follow instructions in the context "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant" are introduced at their joint trial.  391 U.S. at 135-36.  By its terms, however, *Bruton* is inapplicable, and the Appellate Division cannot be said to have unreasonably declined to reach a different result on its basis.

We have considered Bramble's remaining arguments and conclude that they are without merit.  The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]Bramble makes no argument that the Appellate Division's conclusion was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).