# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

798

KA 11-01345

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BETH A. FAILING, ALSO KNOWN AS BETH A. SPALLINA,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARRIS BEACH PLLC,
PITTSFORD (KELLY S. FOSS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered April 20, 2011. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal mischief in the third degree (Penal Law § 145.05), arising from an incident in which defendant intentionally scratched the vehicle of her former paramour. Defendant contends that the People failed to establish that the replacement cost of the vehicle or its damaged side panels exceeded $250 and thus that the evidence is legally insufficient to support the conviction. We reject that contention. " '[I]t is sufficient to define value in terms of the cost of repair of the property, so long as the property is repairable' " (*People v Woodard*, 148 AD2d 997, 998, *lv denied* 74 NY2d 749; *see People v Brown*, 177 AD2d 942, 942, *lv denied* 79 NY2d 944). The People presented the testimony of a witness certified by the State of New York to provide estimates for damage to vehicles, who estimated that, based on his 20 years of experience in auto repair work, the cost of repairing the vehicle was $1,145.75. Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that County Court abused its discretion in admitting testimony regarding her consumption of alcohol. The victim testified that he observed defendant on the night

in question and based upon his familiarity with her, she appeared to have been drinking but did not appear to be intoxicated, and he did not have concerns about her driving that night. Contrary to defendant's contention, that testimony did not implicate her in the commission of an uncharged crime, i.e., driving while intoxicated (*see People v Coppeta*, 125 AD3d 1304, 1304) and, in view of her defense that she was not at the victim's house on the night in question, it was relevant to the issues in the case. "The trial court is granted broad discretion in making evidentiary rulings in connection with the preclusion or admission of testimony and such rulings should not be disturbed absent an abuse of discretion[,]" and we discern no abuse of discretion here (*People v Almonor*, 93 NY2d 571, 583).

Defendant contends for the first time on appeal that the court erred in allowing the hearsay testimony of the victim concerning what the neighbor told him about defendant because it improperly bolstered the neighbor's testimony. Defendant objected to that testimony on a ground different from that now asserted on appeal, and she thus failed to preserve her contention for our review (*see People v Smith*, 24 AD3d 1253, 1253, *lv denied* 6 NY3d 818). In any event, defendant's contention lacks merit because the victim's testimony was not admitted for its truth but, rather, it was properly admitted to complete the narrative by explaining when and why the victim called the police (*see People v Cullen*, 110 AD3d 1474, 1475, *affd* 24 NY3d 1014).

Entered:  June 19, 2015                    Frances E. Cafarell
                                           Clerk of the Court