People v Davis (2019 NY Slip Op 08061)





People v Davis


2019 NY Slip Op 08061


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1015 KA 17-01057

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERICA DAVIS, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 7, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, criminal possession of a weapon in the second degree, assault in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, following a jury trial, of robbery in the first degree (Penal Law
§ 160.15 [4]), criminal possession of a weapon in the second degree
(§ 265.03 [3]), assault in the first degree (§ 120.10 [4]), and assault in the second degree (§ 120.05 [6]), under a theory of accomplice liability (see § 20.00). Defendant contends that Supreme Court erred in admitting evidence of a jail telephone call defendant received from her codefendant during which defendant and the codefendant said "I love you" to each other. Initially, we note that the phone call does not constitute a prior bad act or a prior uncharged crime and thus is not Molineux evidence (see generally People v Flowers, 166 AD3d 1492, 1494 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]; People v Failing, 129 AD3d 1677, 1678 [4th Dept 2015], lv denied 26 NY3d 967 [2015]). Moreover, the court properly exercised its discretion in admitting the evidence, which was relevant because it "tended to establish that defendant and the codefendant were acquaintances, since persons are more likely to commit crimes with acquaintances than strangers" (People v Scarver, 121 AD3d 1539, 1541 [4th Dept 2014], lv denied 24 NY3d 1123 [2015] [internal quotation marks omitted]; see People v Berry, 267 AD2d 102, 102 [1st Dept 1999], lv denied 95 NY2d 793 [2000]; see also People v Martinez, 95 AD3d 677, 678 [1st Dept 2012], affd 22 NY3d 551 [2014]).
Defendant further contends that the evidence is legally insufficient to support the conviction because the People failed to establish that she acted with the requisite intent for accomplice liability. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Whether an accessory shares the intent of a principal actor may be established by circumstantial evidence (see People v Ozarowski, 38 NY2d 481, 489 [1976]; People v Zuhlke, 67 AD3d 1341, 1341 [4th Dept 2009], lv denied 14 NY3d 774 [2010]). Here, the evidence at trial established that defendant arranged to purchase $300 worth of marihuana from one of the victims, whom she had known for 10 years. She arrived at the agreed-upon location for the sale without enough money to complete the sale. As she entered the victim's car to inspect the marihuana, defendant appeared to be talking on her phone to someone who could get her the necessary funds, but cell phone records admitted in evidence at trial indicated that she had not actually been talking to anyone during that purported call. The codefendant entered the car shortly thereafter and pointed a gun at the victims. The codefendant never pointed the gun at defendant; moreover, he permitted defendant to leave the vehicle with the marihuana. The codefendant shot both victims as he and one of the victims struggled over the gun. Prior to trial, [*2]the victims identified the codefendant as the shooter from Facebook photographs obtained from defendant's Facebook page; they also identified the codefendant at trial. Recorded jail telephone calls establish that defendant and the codefendant were in contact after the robbery and were acquaintances. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's liability as an accomplice inasmuch as there is " a valid line of reasoning and permissible inferences from which a rational jury' " could have found that defendant intentionally aided another in the conduct constituting the offenses while acting with the mental culpability required for the commission of the crimes (People v Danielson, 9 NY3d 342, 349 [2007]; see Penal Law § 20.00; see generally Bleakley, 69 NY2d at 495).
Finally, to the extent that defendant contends that the verdict is against the weight of the evidence, viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court