People v Moore (2020 NY Slip Op 04277)





People v Moore


2020 NY Slip Op 04277


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


722 KA 16-01161

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT L. MOORE, II, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John J. DeMarco, J.), rendered January 15, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and attempted robbery in the first degree
(§§ 110.00, 160.15 [2]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the conviction of murder in the second degree and attempted robbery in the first degree is supported by legally sufficient evidence (see People v Alexander, 51 AD3d 1380, 1382-1383 [4th Dept 2008], lv denied 11 NY3d 733 [2008]). Contrary to defendant's contention, there is sufficient corroboration of his recorded statement to a police informant (see CPL 60.50). With respect to the count of murder in the second degree, "[t]he fact that the victim was found dead as the result of a gunshot wound is sufficient corroboration" (People v Harper, 132 AD3d 1230, 1231 [4th Dept 2015], lv denied 27 NY3d 998 [2016]). With respect to the count of attempted robbery in the first degree, in addition to defendant's statement, the People submitted evidence establishing that the victim had met with defendant at the time of the shooting in order to sell marihuana to defendant, and that the victim's clothing was torn during their brief meeting, which reflected that there was a struggle between defendant and the victim. Under these circumstances, we conclude that there is sufficient evidence corroborating defendant's statement that he had attempted to rob the victim (see generally People v Murray, 40 NY2d 327, 335 [1976], rearg denied 40 NY2d 1080 [1976], cert denied 430 US 948 [1977]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that he was denied effective assistance of counsel based on defense counsel's decision not to call a voice recognition expert or present a sample of defendant's voice to the jury, and defense counsel's decision to present a defense that largely relied on gaps in the People's proof. We reject that contention because those purported shortcomings involve " matter[s] of trial strategy and cannot be characterized as ineffective assistance of counsel' " (People v Atkins, 107 AD3d 1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]; see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). Although defendant contends that defense counsel was ineffective for failing to object to certain remarks during the prosecutor's opening and closing statements, the disputed statements regarding the victim's death were fair comment on the evidence (see People v Fick, 167 AD3d [*2]1484, 1485-1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]), and the prosecutor's comments regarding the police informant who had recorded defendant's statement were a fair response to defense counsel's closing argument (see id.; see also People v Garrow, 171 AD3d 1542, 1546 [4th Dept 2019], lv denied 34 NY3d 931 [2019]). Moreover, defendant failed to demonstrate the absence of a strategic or other legitimate reason for defense counsel's decision not to object to the prosecutor's comments (see People v Freeman, 46 AD3d 1375, 1376 [4th Dept 2007], lv denied 10 NY3d 840 [2008]). Regarding defense counsel's own opening statement, "[d]efendant's complaint about defense counsel's performance during opening . . . argument[] merely amounts to a second-guessing of counsel's trial strategy and does not establish ineffectiveness' " (People v Simpson, 173 AD3d 1617, 1620 [4th Dept 2019], lv denied 34 NY3d 954 [2019]). Defendant failed to establish that there was no strategic or other legitimate reason for defense counsel's failure to object to testimony that the police informant had served as an informant previously (see Freeman, 46 AD3d at 1376), and defense counsel was not ineffective for requesting an inapplicable lesser included offense (see generally People v Hancock, 43 AD3d 1380, 1380-1381 [4th Dept 2007], lv denied 9 NY3d 1034 [2008]).
We also reject defendant's contention that County Court erred in overruling defense counsel's hearsay objections regarding testimony from a law enforcement witness and the police informant. That testimony was not admitted for its truth, but rather to complete the narrative by explaining subsequent actions taken by the witnesses, i.e., explaining how and why the police informant became involved in the investigation and how the police informant came to meet with defendant in order to record defendant's statement (see People v Failing, 129 AD3d 1677, 1678-1679 [4th Dept 2015], lv denied 26 NY3d
967 [2015]). Finally, the sentence is not unduly harsh or severe.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court