People v Kohmescher (2024 NY Slip Op 03287)

People v Kohmescher

2024 NY Slip Op 03287

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

387 KA 17-00924

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID M. KOHMESCHER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered March 20, 2017. The judgment convicted defendant upon a jury verdict of assault in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). The conviction arises from an incident at a motorcycle repair shop, where defendant struck the victim in the face with a shotgun, causing injuries including a fractured orbital wall.
We reject defendant's contention that he was deprived of effective assistance of counsel. A defendant has not been deprived of effective assistance of counsel when "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]). The focus is on whether defense counsel's acts or omissions were such that defendant did not receive a fair trial (see People v Benevento, 91 NY2d 708, 713-714 [1998]), and for a defendant to prevail on an ineffective assistance claim, defense counsel's conduct must be "egregious and prejudicial" (People v Williams, 273 AD2d 824, 826 [4th Dept 2000], lv denied 95 NY2d 893 [2000] [internal quotation marks omitted]).
Defense counsel was not ineffective in failing to object during the People's closing statement inasmuch as the challenged statements constituted " 'fair comment on the evidence' " (People v Maldonado, 189 AD3d 2083, 2086 [4th Dept 2020], lv denied 36 NY3d 1098 [2021]) and, further, the People's attempt to rehabilitate the credibility of their witness was permissible in response to defendant's closing statement attacking that witness's credibility (see People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]). Defense counsel was also not ineffective for failing to object during the People's opening statement inasmuch as the challenged statements cannot be reasonably construed as having shifted the burden of proof onto defendant (see People v Coleman, 32 AD3d 1239, 1240 [4th Dept 2006], lv denied 8 NY3d 844 [2007]; cf. People v Griffin, 125 AD3d 1509, 1510 [4th Dept 2015]).
Defense counsel's failure to object to testimony regarding the execution of a search warrant at the motorcycle shop and the military history of the victim, and for further eliciting testimony on those issues, " 'was a matter of trial strategy and cannot be characterized as ineffective assistance of counsel' " (People v Atkins, 107 AD3d 1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]; see People v Moore, 185 AD3d 1544, 1545-1546 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]).
Defense counsel's waiver of any contention regarding defendant's standing to challenge [*2]probable cause for the search warrant does not constitute ineffective assistance of counsel inasmuch as a challenge to standing "had little or no chance of success" (People v Burgess, 159 AD3d 1384, 1385 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]). Further, defense counsel's attempt to call character witnesses attesting to the allegedly violent nature of the victim, although unsuccessful, was part of a " 'reasonable and legitimate [trial] strategy under the circumstances and evidence presented' " (People v Standard, 273 AD2d 870, 870 [4th Dept 2000], lv denied 95 NY2d 908 [2000]), and defendant's contention that it was error "merely amounts to a second-guessing of [defense] counsel's trial strategy and does not establish ineffectiveness" (Moore, 185 AD3d at 1545 [internal quotation marks omitted]; see People v Simpson, 173 AD3d 1617, 1620 [4th Dept 2019], lv denied 34 NY3d 954 [2019]).
Contrary to defendant's contention, the sentence is not unduly harsh and severe.
Defendant also contends that the evidence is legally insufficient to establish that the victim suffered a serious physical injury. We may not address that contention, however, because County Court reserved decision on defendant's motion for a trial order of dismissal and never ruled on the motion (see People v Keane, 221 AD3d 1586, 1590 [4th Dept 2023]; cf. CPL 290.10 [1]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). The failure of a trial court to rule on a motion for a trial order of dismissal cannot be deemed a denial of that motion, and thus we must hold the case, reserve decision, and remit the matter to County Court for a ruling on defendant's motion (see Keane, 221 AD3d at 1590; People v Johnson, 192 AD3d 1612, 1616 [4th Dept 2021]). In light of our determination, we do not address defendant's contention that the verdict is against the weight of the evidence.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court